UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ZACKARY D. SALAS,<br><br>　　　　　　　Defendant. | Case No. CR20-100 RSL<br><br>ORDER |

**I.　INTRODUCTION**

Before the Court is Defendant Zackary Salas' motion to reopen his detention hearing. (Dkt. # 55.)[1] The United States opposes the motion. (Dkt. # 59.) Having considered the parties' submissions, the balance of the record, and the governing law, the Court finds temporary release unwarranted at this time.

**II.　BACKGROUND**

Mr. Salas is charged with conspiracy to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). The Court held a detention hearing on June 3, 2020. (Dkt. # 16.) The Court

---

[1] As discussed below, the Court previously denied in part Defendant's motion and directed the parties to submit supplemental briefing regarding his request for temporary release. Mr. Salas filed his supplemental brief as a supplemental motion. (Dkt. # 65.)

ORDER - 1

found that while Mr. Salas rebutted the presumption of detention pursuant to 18 U.S.C. § 3142(e), there was no condition or combination of conditions that would reasonably assure his appearance as required and the safety of the community based on the factors outlined in 18 U.S.C. § 3142. (Dkt. # 17.) Specifically, the Court found Mr. Salas posed a risk of nonappearance due to his criminal history, history of failures to appear, fugitive status, conviction for bail jumping, alleged commission of new offenses while on terms of supervision, and substance abuse. (*Id.*) The Court also found he posed a risk of danger to the community due to the allegations that he participated in a large-scale distribution operation involving significant quantities of a particularly dangerous controlled substance. (*Id.*)

On January 21, 2021, Mr. Salas moved for review of his detention order pursuant to 18 U.S.C. § 3142(f) and § 3142(i). (Dkt. # 55.) Mr. Salas asserted that the place of his confinement, the Federal Detention Center in SeaTac, Washington ("FDC"), experienced an outbreak of COVID-19 and that he contracted COVID-19. (*Id.*) He argued that he continues to experience on-going symptoms and his placement in isolation and quarantine hindered his access to counsel to assist in preparation of his defense. (*Id.*) The Court heard argument on February 8, 2021 and denied Mr. Salas' motion to review his detention pursuant to 18 U.S.C. § 3142(f). (Dkt. # 62.) The Court directed the parties to submit supplemental briefing regarding Mr. Salas' request for temporary release pursuant to 18 U.S.C. § 3142(i), which is the issue remaining before the Court. (*Id.*)

### III.   DISCUSSION

Temporary release may be granted if the Court determines that release is "necessary for preparation of the person's defense or for another compelling reason." *See* 18 U.S.C. § 3142(i). Courts have evaluated the following four factors when determining if a defendant has met the

burden for temporary release due to COVID-19 related claims: (1) the original grounds for pretrial detention; (2) the specificity of the defendant's COVID concerns; (3) the extent to which the proposed release plan is tailored to mitigate the COVID-19-related risks to the defendant; and (4) the likelihood that the defendant's release would increase the COVID-19 risks of others. *See, e.g., United States v. Clark*, 448 F.Supp.3d 1152, (D. Kan. Mar. 25, 2020); *United States v. McKnight*, 2020 WL 1872412 (W.D. Wash. Apr. 15, 2020).

Mr. Salas argues the current COVID-19 pandemic hinders his ability to help prepare his defense. (Dkt. # 65 at 4-5.) He asserts that communication with his counsel has been limited and that his case involves voluminous discovery, most of which is audio, photographic, and video evidence, and the FDC's restrictions due to COVID-19 does not provide him adequate time with his counsel to review discovery. (*Id.*) In support of his argument, Mr. Salas asserts that after his counsel was informed on December 23, 2020 that he contracted COVID-19, the FDC was unable to provide Mr. Salas with a legal telephonic call until January 15, 2021 and that the call was cut short. (*Id.* at ¶¶10-12.) Mr. Salas argues that he next spoke with counsel on January 27, 2021 and that since that communication, he is only able to speak with counsel one to two times per week, and lockdowns interrupt scheduling for these calls. (*Id.* at ¶ 14.) Mr. Salas also argues that although he has received significant portions of discovery, his limited access to the law library hinders his ability to review it. (*Id.* at ¶ 17.) He further asserts his counsel has only been able to meet with him face-to-face at the FDC two times. (*Id.* at ¶ 7.)

Here, the Court finds temporary release is unnecessary for Mr. Salas to prepare his defense. Although it appears there were several weeks during a COVID-19 outbreak where communication with counsel was greatly restricted, the FDC currently provides methods of communication that allow Mr. Salas to communicate with his attorney. Specifically, the FDC

ORDER - 3

allows attorney-client written communication through "Special Legal Mail." ((Deveney Decl. (dkt. # 67-1)) at ¶ 6.) The FDC also provides one-hour calls with counsel and allows multiple calls to be scheduled if longer communication is required. (*Id.* at ¶ 3.) Counsel can meet with clients via teleconferencing, even if the defendant is in the isolation unit. (*Id.* at ¶ 7.) Further, in-person meetings with defendants are available if scheduled, subject to COVID-19 measures. (*Id.* at ¶ 9.) Although these conditions may not be ideal and may be impacted at times due to the FDC's need to address ongoing and evolving issues due to the COVID-19 pandemic, the Court finds Mr. Salas is currently able to prepare his defense.

The Court further finds the factors considered for temporary release for COVID-19-related concerns do not support release. As noted above, the Court originally detained Mr. Salas and denied his motion to reopen his detention hearing based on the 18 U.S.C. § 3142(f) factors, finding him to be a flight risk and a danger to the community. The Court finds the reasons previously stated for detention weigh against his temporary release. The Court also finds Mr. Salas' stated COVID-19 concerns weigh against temporary release. Although Mr. Salas asserts he has on-going symptoms since contracting COVID-19 in December 2020, he has not shown that the FDC is unable to provide him adequate medical care.

The Court further finds Mr. Salas' three proposed release plans are not sufficiently tailored to mitigate COVID-19 related risks. First, he proposes he be release to his mother and stepfather's property. (Dkt. # 65 at 7-8.) However, this is the location where he was arrested, and drugs were allegedly found and seized on the property. Second, Mr. Salas proposes he be released to live in a detached mother-in-law unit on a childhood friend's property. (*Id.* at 8.) The childhood friend has a felony conviction and currently has a pending charge in Skagit County. Third, Mr. Salas proposes he reside at his stepfather's unoccupied lake house near his mother

and stepfather's property. (*Id.* at 8.) It has not been determined whether Mr. Salas' stepfather is the legal owner of that property. As discussed at the hearing, the Court has concerns about Mr. Salas' proposed release plan to live with his mother and stepfather. The Court similarly has concerns about releasing Mr. Salas to live on his childhood friend's property due to the pending criminal charge, and about releasing him to live alone in an unoccupied residence which his stepfather may not own. Even if Mr. Salas plans could mitigate some COVID-19 risks, such as living alone, the Court finds the proposed release plans do not support temporary release given the circumstances.

Lastly, Mr. Salas has a history of noncompliance with court orders and terms of supervision, and the Court is not convinced that if released, he would follow any directives intended to prevent the risk of COVID-19 to others. Accordingly, these factors support denying Mr. Salas' request and his motion for temporary release is DENIED (dkt. ## 55, 65).

Dated this 1st day of March, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge